WEYMOUTH CHAUNCY BUILDING, INC. *vs.* TOWN OF
WEYMOUTH & another.

Norfolk.    January 9, 1969. — February 4, 1969.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, SPIEGEL, &
REARDON, JJ.

*Easement*, Termination.

Where it appeared that a deed of certain lots to a town by a theatre company recited that the conveyance was subject to a previous instrument wherein the company had granted to the owners of other land, predecessors in title of the plaintiff in a suit in equity against the town, "the right and privilege to park their automobiles in and upon" such lots "so long as said lots . . . may be used by the . . . Company as and for parking automobiles," but that in the deed the company had not reserved any parking rights in such lots for itself or its patrons, it was held that the plaintiff's parking rights therein were terminated by the conveyance.

BILL IN EQUITY filed in the Superior Court on December 6, 1966.

The suit was heard by *Taveira*, J.

*William S. Monahan* for the plaintiff.

*Francis L. Kelly*, Town Counsel, for the defendants.

WHITTEMORE, J. The plaintiff in this bill in equity for a declaratory decree claims an unrestricted right to park on certain land under an instrument of September 18, 1947, which, given to its predecessors in title, recited that Weymouth Cameo Theatre Co. (Theatre Company) "grants to the . . . [grantees] their agents, servants and patrons the right and privilege to park their automobiles in and upon Lots C and D [as shown on a plan], so long as said Lots C and D may be used by the Theatre Company as and for parking automobiles . . . subject to all reasonable rules and regulations which . . . Theatre Company may from time to time make with respect to parking automobiles on said lots." In the same instrument Theatre Company granted as appurtenant to two parcels owned respectively by the grantees, that is, lots A and B on the same plan, "a full and complete right of way" over a proposed passage shown on the plan as extending from Chauncy Street along the southeasterly boundaries of lots A and B and through lot C along its northwesterly line. In the same instrument, also, the owners of lots A and B granted a right of way over a strip of land between lots A and B to Theatre Company.

Thereafter the town of Weymouth purchased lots C and D from Theatre Company. The deed to the town recited that conveyance was "subject to rights of way . . . so far as . . . in force and applicable, and particularly subject to and with the benefit of the right of way and other provisions of . . . (2) An agreement dated September 18, 1947, by and between . . . [Theatre Company and the owners in 1947 of lots A and B]."

Subsequently the town established a parking lot, a part of which was the land (lots C and D) purchased from Theatre Company. The town established regulations, one of which was that there should be no parking in the entire lot between the hours of 2 A.M. and 6 A.M.

The plaintiff, as the succeeding owner, had built an apartment house on lot B and its tenants had parked their automobiles at any and all times throughout the day and night on lots C and D.

The final decree (paragraph 1) rightly ruled that the conveyance to the town terminated all rights of the plaintiff under the 1947 agreement. In the deed to the town, Theatre Company reserved no right for itself or its patrons to park in lots C and D. Thereafter officers, employees, or patrons of Theatre Company had no rights as such in the parking lot. Their privilege as members of the general public to use of the municipal facility did not show a right of use by Theatre Company. Lots C and D were no longer lots which "may be used by the Theatre Company" for purposes of the limitation in the 1947 grant.

The decree also (paragraph 3) rightly recognized that had the 1947 grant survived the conveyance to the town, the latter as a successor of Theatre Company had the right to subject the use of the lots under the 1947 grant to reasonable rules and regulations and that the town's regulation was reasonable.

We need not deal with the defendants' contention reflected in the decree (paragraphs 2 and 4) that the plaintiff had only a license cancelable at any time.

The decree is to be modified by striking therefrom paragraphs 2 and 4 and, as modified, is affirmed.

*So ordered.*